UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROLLING HILLS CONDOMINIUM HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Rolling Hills Condominium Homeowners Association (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment and money damages seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association by Defendant Allstate Insurance Company ("Allstate"). The Association is seeking a ruling that: (1) Allstate's policies provide coverage for the hidden damage at the Rolling Hills Condominium; and (2) Allstate is liable for money damages for the cost of investigating and repairing hidden damage at the at the Rolling Hills Condominium complex.

(B)   Damages for breach of contract, bad faith and violations of the Consumer Protection Act ("CPA").

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PKWY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(C) Attorneys' fees and costs (including expert witness fees).

(D) Any other relief the Court deems just and equitable.

## II.   PARTIES AND INSURANCE CONTRACTS

2.1   <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Renton, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Rolling Hills Condominium complex.  The Rolling Hills Condominium complex consists of thirteen buildings with one hundred forty-one (141) residential units.

2.2   <u>Allstate</u>.  Allstate Insurance Company ("Allstate") is domiciled in Illinois with its principal place of business in Northbrook, Illinois. Allstate sold property insurance policies to the Association. Allstate issued the following policies to the Association including but not limited to Policy No. 050155072 (in effect from at least December 21, 1985 to December 21, 1990). The Allstate policy(s) identify the Rolling Hills Condominium as covered property.

2.3   <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Rolling Hills Condominium as covered property.

2.4   <u>Rolling Hills Insurers</u>.  Allstate and Doe Insurance Companies 1–10 shall be collectively referred to as the "Rolling Hills Insurers."

2.5   <u>Rolling Hills Policies</u>. The policies issued to the Association by the Rolling Hills Insurers shall be collectively referred to as the "Rolling Hills Policies."

## III.   JURISDICTION AND VENUE

3.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. The Association's expert has determined that it will cost well over $75,000 to repair covered damage at the Rolling Hills Condominium complex.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PKWY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Rolling Hills Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim occurred in King County; and the insured condominium buildings are located in King County.

## IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Allstate.  On July 18, 2020, the Association tendered claims to Allstate for recently discovered hidden damage to exterior sheathing and framing in the exterior walls at the Rolling Hills Condominium complex.

4.3     Investigation. The Association hired an investigative firm, J2 Building Consultants ("J2"), to investigate the extent of damage at the Rolling Hills Condominium complex. J2 in conjunction with the Association's historical insurers, including Allstate, performed a Joint Intrusive Investigation at the Rolling Hills Condominium complex. According to J2 the investigation revealed extensive hidden damage to sheathing, framing, and weather-resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage the Rolling Hills Condominium complex exceeds the jurisdictional limit of $75,000.

4.4     Allstate's Coverage Determination. Allstate denied the Association's claim on March 4, 2022.

## V.     FIRST CLAIM AGAINST THE ROLLING HILLS INSURERS FOR A DECLARATORY JUDGMENT THAT THE ROLLING HILLS POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2     Declaratory Relief. An actual, present and justiciable controversy has arisen between the Association and the Rolling Hills Insurers regarding the interpretation of their policies. The

Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

    (A)    That the Rolling Hills Policies cover the hidden damage at the Rolling Hills Condominium complex including, but not limited to, the weather resistive barrier ("WRB"), sheathing, and framing.

    (B)    No exclusions, conditions, or limitations bar coverage under the Rolling Hills Policies.

    (C)    That the loss or damage to the Rolling Hills Condominium complex was incremental and progressive. New damage commenced during each year of the Rolling Hills Policies.

    (D)    As a result, the Rolling Hills Policies cover the cost of investigating and repairing the exterior WRB, sheathing, and framing at the Rolling Hills Condominium complex.

## VI.   SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1   <u>Incorporation.</u>  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   Allstate has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Rolling Hills Condominium complex.

6.3   Allstate breached its contractual duties by wrongfully denying coverage on March 4, 2022, and by failing to pay the cost of repairing the covered damage to the Rolling Hills Condominium complex.

6.4   As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5   <u>Additional Damages</u>. As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PKWY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## VII. THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Rolling Hills Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when rain is an efficient proximate cause of the loss; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Allstate policy pursuant to the plain meaning of the terms.

7.5     Furthermore, Allstate violated multiple Washington claim handling standards set forth below, which is a breach of the duty of good faith, an unfair method of competition, an unfair and

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PKWY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate violated Washington claim handling standards by:

- Failing to construe ambiguities in facts, law, or policy language in favor of coverage;
- Refusing to pay the Association's claims without conducting a reasonable investigation;
- Failing to be impartial and to treat the interests of its insured as equal to its own without placing too much emphasis on Allstate's interests;
- Failing to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

7.6    Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII. FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1    The Association re-alleges and incorporates by reference Paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2    Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, the conduct of Allstate was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1    <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Rolling Hills Policies provide coverage as described herein.

COMPLAINT FOR DECLARATORY RELIEF,  
BREACH OF CONTRACT, BAD FAITH,  
CONSUMER PROTECTION ACT VIOLATIONS,  
AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC  
16400 SOUTHCENTER PKWY, SUITE 410  
TUKWILA, WA 98188  
PHONE 206.388.0660 FAX 206.286.2660

9.2    Money Damages. For money damages against the Rolling Hills Insurers in an amount to be proven at trial.

9.3    Attorneys' Fees and Costs of Suit. For reasonable attorneys' fees and costs (including expert fees) against Allstate. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4    CPA Penalties.  For CPA penalties against Allstate of up to $25,000 per violation.

9.5    Other Relief.  For such other and further relief as the Court deems just and equitable.

## X.    DEMAND FOR JURY TRIAL

10.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 8th day of April, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/*s/ Cortney M . Feniello*
Cortney M. Feniello, WSBA #57352
16400 Southcenter Pkwy, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
          justin@condodefects.com
          dstein@condodefects.com
          cfeniello@condodefects.com
Telephone: (206) 388-0660

*Attorneys for Plaintiff*